# MIRER MAZZOCCHI & JULIEN, PLLC

ATTORNEYS AT LAW
1 WHITEHALL ST., 16TH FLOOR
NEW YORK, NEW YORK 10004

JEANNE MIRER  TELEPHONE: (212) 231-2235  RIA JULIEN
KRISTINA MAZZOCCHI  FACSIMILE: (212) 409-8338

August 13, 2021

**Via ECF**
District Judge Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

           Re:    Proposed Wage Agreement
                 Luis Arellano et al. v. Highline Construction Corp. et al.
                 Case No.: 21-cv-2318-(VEC)

Dear Hon. Judge Caproni:

       Plaintiffs Luis Arellano, Pedro Leon, Bathazar Martinez and Kevin Vega (hereinafter "Plaintiffs") by their attorneys Mirer Mazzocchi & Julien, PLLC, respectfully submit this letter motion. A copy of the Proposed Settlement Agreement and exhibits is attached as Exhibit "I."

## I.    Procedural History and Relevant Facts

       Plaintiffs are construction workers who allege that they were formerly employed by Defendants. Plaintiffs commenced an action against Defendants in the United States District Court for the Southern District of New York (the "Court"), bearing Dkt. No.: 21-cv-2318 (VEC) (the "Action") by filing a Complaint on March 18, 2021 (the "Complaint"), alleging unlawful harassment, retaliation, and discrimination based on their race, national origin, and perceived immigration status. Plaintiffs also alleged violations of the Fair Labor Standards Act ("FLSA"), and the New York Labor Law ("NYLL") in connection with their alleged employment by Defendants. Defendants deny the allegations made by Plaintiffs, including that Plaintiffs were subjected to any form of discrimination and/or retaliation, and further deny all allegations that Defendants failed to pay Plaintiffs improperly, and have conveyed to Plaintiffs their denial of said allegations. Indeed, in addition to their denial of all claims made by Plaintiffs, Defendants also allege that they never employed Plaintiffs and that Plaintiffs were employed by a sub-contractor. Plaintiffs dispute this and allege that at all times they were directly employed by Defendants who

exercised operational control over them.

Pursuant to the SDNY Pilot Program, the Action was referred to mediation with the Court appointed mediator, Terri M. Solomon, Esq. After exchanging Pilot Program-mandated discovery, the parties attended a mediation on June 23, 2021 before Mediator Solomon. During that mediation, the Parties negotiated extensively, in good faith, and at arms-length. Ultimately, the mediation resulted in a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims, both individually and collectively, Defendants' defenses, and the *bona fide* dispute between the Parties.

Although the Complaint was drafted and filed as a class and collective action pursuant to the Federal Rules of Civil Procedure, Rule 23, and the FLSA, 29 U.S.C. § 216, the issue of certification was never litigated or decided and this matter is being settled between the named Plaintiffs and the Defendants only.

By this letter Plaintiffs submit that the settlement reached by the parties as to the wage claims, which are the only claims subject to judicial approval under *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) should be deemed fair and approved by this Court. The parties reserve all rights as to their respective positions should the Proposed Wage Settlement not be approved.

## II.     Fairness of the Proposed Wage Settlement Agreement

Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks,* 796 F.3d at 200. Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.,* 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky* v. *Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Sbc*, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010). Here, the parties meet all five factors.

*1.    The Proposed Settlement Represents a Fair and Reasonable Compromise of Plaintiffs' Alleged Claims and Defendants' Defenses and it Further Avoids the Parties' Litigation Risks*

The Proposed Settlement Agreement provides that Defendants agree to pay Plaintiffs the total sum of One Hundred Thousand Dollars ($100,000.00) for full resolution of the Plaintiffs' Wage Claims (the "Wage Settlement Amount").

The parties disagree on the accurate range of Plaintiffs' possible recovery. Defendants maintain that Plaintiffs were not their employees and, even if they did employ Plaintiffs, Plaintiffs were properly paid for all hours worked. Accordingly, Defendants think that Plaintiffs are owed nothing.

Plaintiffs allege that they were directly employed by Defendants, and that discovery exchanged supports their position. They further allege that if they are successful on all aspects of their minimum wage and overtime claims, including those allegations based on their recollections alone, they could recover up to approximately $204,980.00 ("Plaintiffs' Estimate of Maximum Wage Exposure") including wages and liquidated damages, as well as pay stub, wage notice and retaliation penalties, totaling $80,000. Thus, of the Plaintiffs' Estimate of Maximum Wage Exposure, Plaintiffs seek $62,490.00 in actual lost wages, 62,490.00 in liquidated damages and $80,000 in penalties.

While the Proposed Wage Settlement Amount of $100,000 represents 48.79% of Plaintiffs' Estimate of Maximum Wage Exposure, Plaintiffs seek the Court's approval of the Proposed Wage Settlement Agreement as fair for representing a substantial proportion of the maximum exposure and an award greater than of the $62,490.00 wages allegedly owed according to Plaintiffs. *See Chamoro v. 293 3rd Café Inc.*, 2016 U.S. Dist. LEXIS 136101, at *4 (S.D.N.Y., Sep. 30, 2016) (approving the settlement amount in a FLSA settlement agreement as fair because "the $52,000 settlement amount constitutes a substantial proportion [71.8%] of the total possible amount that [plaintiff] could recover if successful at trial").

Plaintiffs also allege a claim of retaliation under the FLSA and NYLL. Therefore, Plaintiff's Estimate of Maximum Wage Exposure also includes $40,000 allocated to damages for this claim. With respect to their retaliation claims, Plaintiffs bear the burden of proof. Plaintiffs think that they can meet this burden by showing, amongst other things, that they engaged in protected activity in response to which they suffered retaliation. Defendants dispute Plaintiffs' retaliation claims and maintain that Plaintiffs: 1) did not engage in protected activity; and 2) cannot otherwise satisfy their burden of proof. Accordingly, a *bona fide* dispute exists between the parties with respect to the alleged FLSA and NYLL retaliation claims.

Plaintiff's alleged maximum recovery for unpaid overtime wages and overtime-related liquidated damages is $124,980. The Proposed Wage Settlement Amount of $100,000 represents 80.01% of such sum. Further, if overtime-related liquidated damages are excluded, the Proposed Wage Settlement Amount represents 160.03% of the alleged overtime wages due to Plaintiffs. Accordingly, even though Plaintiffs' overtime claims are hotly contested, this settlement provides for the recovery of a significant percentage of the overtime wages and overtime-related liquidated damages that Plaintiffs claim are owed to them.

In light of the foregoing, this settlement represents a fair and reasonable compromise of the *bona fide* dispute between the parties. As such, this factor weighs in favor of fairness.

Even if the Court looks only at the settlement amount and concludes that same is not substantial enough, this settlement is still fair and reasonable because the other *Wolinsky* factors are satisfied.

*2.    Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses*

Second, settling the parties' claims at this point will avoid continuing litigation costs for both parties. *Wolinsky*, 900 F. Supp. 2d at 335. Had this action not settled, numerous depositions would take place, including the depositions of Plaintiffs, a corporate representative of Defendants, and a number of non-party witnesses. Settlement at this point will obviate such time-consuming and expensive litigation. While both parties feel confident in the merits of their positions, and understand the risks of trial, they nonetheless have agreed to settle this matter based on reaching what they believe is a fair and reasonable compromise that will give both parties certainty and bring this matter to a close.

*3.    The Settlement Agreement Avoids the Very Real Litigation Risks Faced by the Parties*

Third, the settlement accounts for the parties' respective risks in proceeding with the litigation. *Wolinsky*, 900 F. Supp. 2d at 335. Defendants risk an adverse judgment against them if Plaintiffs prevail. Because Plaintiffs claim that they were not sufficiently compensated for a weekly overtime hours, that judgment could be a substantial one. At the same time, Plaintiffs face two particularly significant litigation risks. First, a fact-finder could determine that Defendants did not employ Plaintiffs, in which case Plaintiffs recover nothing. Second, based upon records that Defendants obtained and provided, a fact-finder could find that Plaintiffs worked fewer hours than they allege (and, therefore, Plaintiffs' recovery would be substantially diminished) or that they were properly paid. In light of these litigation risks, the decision to forgo the burden and expense of trial is reasonable.

*4.    The Settlement Agreement is the Product of Arm's-Length Bargaining Between Experienced Counsel and There Was No Collusion*

The terms of the Settlement Agreement were reached through arms'-length negotiations between the Parties' respective counsel after engaging in significant investigation and due diligence regarding the merits of Plaintiffs' claims and their likelihood of success at trial and the potential viability of Defendants' defenses.

Litigating FLSA and NYLL cases requires a significant amount of subject-area knowledge. In fact, much of what a good wage and hour lawyer needs to know to do their job is very esoteric. Accordingly, wage settlements can become problematic and unfair when they are negotiated by counsel who are not experienced in the area and, therefore, do not really know what they are doing. That is not the case here because both Plaintiffs and Defendants were represented by lawyers with extensive knowledge of the FLSA and who possess very significant litigation experience.

Plaintiffs have been represented by the firm Mirer Mazzocchi & Julien, PLLC. Mirer Mazzocchi & Julien, PLLC is a three-person law firm practicing almost exclusively in federal employment litigation with a concentration on wage claims under FLSA and associated state laws in New York. Combined, Plaintiffs' attorneys have nearly 25 years of experience litigating FLSA matters and over 60 years of combined general experience litigating complex matters in a variety of areas. These areas include actions involving discrimination, harassment, retaliation, and pay disparity, actions involving claimed violations of the National Labor Relations Act, and actions involving the advocacy of the rights of immigrant and minority workers.

Specifically, the Plaintiffs have been represented by firm-Partners Kristina Mazzocchi and Ria Julien who, since 2014, have been ligating a variety of employment cases, a large number of which are FLSA cases (involving both single Plaintiffs, multi-Plaintiffs, and Collective Actions). They have handled many complex employment litigation matters in the SDNY. These cases include the brokered settlements of Collective Actions, including one that resulted in a seven-figure settlement. The firm's fees have been approved at rates of between $350 and $500 per hour. See *Ramirez et al., v ML Restaurant Corp.*, et al 14-cv-4030 (VEC), S.D.N.Y. (approving a blended firm rate of $500, and a one-third award of attorneys' fees); See also *Guerra et al v. J.A.E.-L.A.R. Restaurant Corp et al*, 19-cv-4144 (KHP) S.D.N.Y. (approving one-third award of attorneys' fees).[1]

Defendants' counsel has represented defendants in employment matters for nearly four decades. With their extensive experience, Defendants' counsel diligently worked to ensure that the Defendants maintained a strong bargaining position for any potential settlement, as well as a reasonable chance of prevailing on the merits. Defendants' counsel, therefore, skillfully acted to ensure that Plaintiffs would not receive any compensation beyond what they were potentially entitled. The contested issues demonstrate that there was no fraud or collusion. *Meigel v. Flowers of the World, NYC, Inc.,* 2012 WL 70324 (S.D.N.Y. Jan. 9, 2012) (the Court held that the courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.).

Given these arms'-length negotiations, the fifth factor, absence of collusion and the experience of counsel, is also satisfied.

5. *The Factors Weigh In Favor of Settlement Approval*

All the above factors weigh in favor of settlement approval. Plaintiffs seek the Court's approval of the proposed settlement as fair to them in light of the totality of the circumstances. Further, at this stage in the litigation, Plaintiffs are not aware of the presence of any similarly situated employees employed by the settling Defendants who wish to join this matter as opt-in Plaintiffs under 29 U.S.C. § 216(b). In addition, Plaintiffs are not coerced by anyone to settle this case. *See Cisneros v. Schnipper Rest. LLC,* 2014 WL 67235, at *1 (S.D.N.Y. Jan. 8, 2014) (concerns about coercion "not as relevant when the plaintiffs no longer work for the Defendant.").

---

[1] Because this is a motion for approval of a settlement, Defendants do not contest the attorneys' fees requested herein.

*6.     The Attorneys' Fees Are Reasonable and Should be Approved*

In addition to reviewing the substantive fairness of the terms of the Proposed Settlement Agreement, the Court must also make a determination as to the fairness of the attorneys' fees proposed. *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112 (PAE), U.S. Dist. LEXIS 160352 (S.D.N.Y. Nov. 30, 2015). Pursuant to the Proposed Wage Settlement Agreement, Plaintiffs seek approval of attorneys' fees of $25,000.

Here, Plaintiffs have entered into a signed retainer agreement authorizing attorneys' fees to be paid on the basis of 33.33% of the gross settlement, plus costs. As the previously agreed fee of 33.33% is presumptively fair, accordingly the reduced 25% fee is so indisputably fair. See *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 U.S. Dist. LEXIS 166890 (S.D.N.Y. Dec 14, 2015) (holding "Courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.").

While courts may approve attorneys' fees on the basis of either a lodestar calculation or a percentage of the common fund, "the trend in this Circuit is toward the percentage method." *WalMart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005). The Second Circuit has reasoned that the lodestar method "creates an incentive for attorneys to bill as many hours as possible, to do unnecessary work, and these reasons also can create a disincentive to early settlement." *McDaniel v County of Schenectady*, 595 F.3d 411, 418 (2d Cir. 2010). In this Circuit, district courts typically approve attorneys' fees in the range of 30% - 33 1/3% in FLSA cases. See, *Santos v. El Tepeyac Butcher Shop Inc*., 2015 WL 9077172, at *4 (S.D.N.Y. Dec. 15, 2015); Thornhill v. CVS Pharmacy, Inc*., 2014 WL 1100135, at *3 (S.D.N.Y March 20, 2014).

*7. The Settlement Agreement Does Not Include Any Clauses Forbidden by* Cheeks

Finally, the settlement also meets the guidelines set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). *See also Gonzales v. Lovin Oven Catering of Suffolk, Inc*., 2015 WL 6550560 (E.D.N.Y. Oct. 28, 2015). Specifically, as prohibited by *Cheeks*, the instant settlement does not contain a confidentiality provision; the release agreed to by Plaintiffs releases Defendants only from claims relating to Plaintiffs wages; and the mutual non-disparagement provision is not overbroad and allows Plaintiffs the freedom to discuss their experience litigating this action.

## III.  **Conclusion**

For the reasons stated herein, the parties submit that the executed Proposed Wage Settlement Agreement is a fair and equitable resolution of a *bona fide* dispute between the Parties and that the proposed fees are appropriate in this case.

This Court's approval of the Proposed Wage Settlement Agreement is an express condition of the settlement, and the Parties have agreed to take all steps necessary to dismiss the lawsuit with prejudice after payment of the sum due pursuant to the Proposed Wage Settlement Agreement, should such agreement be approved. The Parties respectfully request that the Court approve the Proposed Wage Settlement Agreement as fair and reasonable.

Respectfully submitted,

/s/
Kristina Mazzocchi
Ria Julien
Mirer Mazzocchi & Julien, PLLC
1 Whitehall St. 16th floor
New York, NY 10004
Telephone: (212) 231-2235
Email: kmazzocchi@mmsjlaw.com
rjulien@mmsjlaw.com
Attorneys for Plaintiffs


Enclosures:
Exhibit I: Wage Settlement Agreement and Exhibits

cc: All counsel of record via ECF